Charles A. Shadid, and George R. Hanks, Oklahoma City, for appellee.

**Lester L. CUNNINGHAM, Appellee,**

v.

**OKLAHOMA CITY, a Municipal Corporation, and Judy Watson, Supervisor of the License Division of the City of Oklahoma City, Appellants.**

**No. 48188.**

Court of Appeals of Oklahoma, Division 2.

Aug. 24, 1976.

Rehearing Denied Sept. 16, 1976.

Certiorari Denied Nov. 16, 1976.

Released for Publication by Order of Court of Appeals Nov. 18, 1976.

Walter M. Powell, Municipal Counselor by Patricia Sellers, Asst. Municipal Counselor, and John M. Williams, Asst. Municipal Counselor, Oklahoma City, for appellants.

BRIGHTMIRE, Judge.

Under attack, in this mandamus action, is a judgment directing the licensing officer of Oklahoma City to issue Lester Cunningham a city license to operate a beer tavern located within 600 feet of a metropolitan public elementary school.

I

On November 14, 1974, Cunningham signed a three-year lease on the taproom property. By December 11, 1974, he had

obtained both a state and county beverage license. On December 27 the would-be saloonkeeper presented a written application for a city license to the municipality's License Division. It was summarily rejected that same day by division supervisor, Judy Watson, who wrote on the margin: "Application denied due to Planning Department's requirements."

The following month this lawsuit was filed seeking a writ of mandamus compelling the city to issue the requested beer license. At the close of a hearing, the court issued the writ upon finding that the applicant had complied with all precedential requirements of law, save an Oklahoma City ordinance prohibiting the sale of beer within 600 feet of a public school—an enactment which the trial court declared "unconstitutional" and therefore inoperative.

The city appeals contending the decision is wrong because: (1) the ordinance in question is a valid "zoning ordinance," not an impermissible attempt to regulate a "nonintoxicating beverage"; (2) one does not, by obtaining a state and county beer license, thereby become entitled to a city license until he complies with applicable zoning laws; (3) there is a difference between consuming beer on the seller's premises and elsewhere; and (4) subject ordinance is compatible with state statutory law regulating the sale of beer.

These four "propositions" are but segments of a primary question: May a municipality prohibit the sale of 3.2 beer within 600 feet of a public school absent statutory authorization to do so? We hold it may not and that the trial judge reached the right result. We shall not, however, consider whether his premise[1] is correct because of our conclusion that subject ordinance in effect regulates the sale of 3.2 beer and therefore unlawfully invades an area of lawmaking the state legislature has reserved exclusively for itself.

## II

The operative facts are undisputed. At trial it was stipulated that (1) the proposed tavern site is in the proper zone, "E" Local Commercial District, and (2) the site is within 600 feet of a public elementary school. The ordinance proviso city seeks to enforce is called a "Use regulation" and pertains to business pursuits permitted in districts zoned for commercial uses.[2] Among other things, the section specifies that "no beer taverns or any establishments dispensing beer for consumption on the premises . . . shall be constructed within six hundred (600) feet of a public school ground."

## III

Insofar as this prohibition pertains to 3.2 beer, it is a restriction on its sale which the city has no power to impose because the legislature statutorily preempted the field of regulating the dispensation of 3.2 beer by enacting 37 O.S.1971 §§ 163.1–244. This is the rationale of several cases the court relied upon in *7-Eleven, Inc. v. McClain,* Okl., 422 P.2d 455 (1967) in striking down a Bethany, Oklahoma ordinance prohibiting the sale of 3.2 beer within 300 feet of a church at the request of a grocer who was denied a city license to sell the popular brew for off-premise consumption. To the high court it was "obvious that Bethany's zoning ordinances not only regulate and restrict the use of certain property for business . . . etc., but also regulate and restrict the sale of . . . 3.2 beer . . . ."—a restriction the court held could not stand because it was not one either imposed or authorized by state law.

In terms of the controlling principle, we can see no sound distinction between an

---

1. The basis for the lower court's decision is that the ordinance is unconstitutional—a conclusion, parenthetically, which is contained in the journal entry without explanation.

2. Oklahoma City, Okla., Code § 25–107(a) (1970).

ordinance which purports to prohibit the sale of 3.2 beer for off-premise consumption within 300 feet of a church and one forbidding its sale for on-premise quaffing. The *7-Eleven, Inc.* doctrine must apply to both situations or neither. City's comments concerning the effects on school children of beer parlors near schools are irrelevant here but might bear fruit if addressed to the legislature.

IV

The trial court therefore correctly held Oklahoma City's ordinance prohibiting the sale of 3.2 beer within 600 feet of a public school ground to be invalid. Its judgment is affirmed.

BACON, P. J., and NEPTUNE, J., concur.